**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CESARIO JAIMES-JAIMES** | § | |
| | § | |
| **V.** | § | **A 16-CV-685-LY** |
| | § | **(A-14-CR-277-LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Cesario Jaimes-Jaimes' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 45); and the Government's Response (Dkt. No. 48). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Jaimes pled guilty to being an illegal alien in possession of a firearm in violation of 18 U.S.C. ¶ 922(g)(5), Count Two of a three-count indictment, pursuant to a sealed plea agreement. PSR ¶¶ 1, 2.1 Jaimes' count of conviction was the second count of a three-count indictment that also included charges for being felon in possession of firearm pursuant to 18 U.S.C. § 922(g)(1) and illegal re-entry into the United States in violation of 18 U.S.C. § 1326. PSR ¶ 1; Indictment (Dkt. No. 14). Jaimes was sentenced on February 18, 2016. (Dkt. No. 39). He did not file a direct appeal of his sentence. On June 15, 2016, Jaimes filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his sentence. (Dkt. No. 45).

In the PSR, Jaimes' offense level calculation was controlled by USSG § 2K2.1(a)(4)(A) which provides "that an offense involving the possession of a firearm by a defendant who has a prior conviction for a controlled substance offense has a base offense level of 20." PSR ¶ 15. The prior controlled substance offense used to support the enhancement was a 2003 federal conviction for use of a communication facility to commit a controlled substance offense. PSR ¶ 32. Jaimes' base offense level was further enhanced by 4 points because the firearm in his possession had an obliterated serial number. PSR ¶ 15. After a 3-point reduction for acceptance of responsibility, Jaimes' total adjusted offense level was set at 21. PSR ¶¶ 16, 22, 23, 24. Based on his criminal history, Jaimes scored 6 unenhanced criminal history points to support a criminal history category III. PSR ¶ 34, 35. In the amended PSR, Jaimes' advisory guideline sentencing range was set at 46 to 57 months. PSR ¶51, 52. That guideline range was subject to the statutory maximum of 10 years mandated by 18 U.S.C. § 924(a)(2). *Id.* The PSR did not contain any enhanced sentencing calculations based upon the Armed Career Criminal Act (ACCA).

## II. ANALYSIS

Jaimes argues he is entitled to a reduction of his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). By his motion, Jaimes requests the Court to review the propriety of his sentence "if the 'residual clause' [of the ACCA] was used as an enhancement." (Dkt. No. 45 at 4). As set out above, the ACCA played no part in Jaimes' sentencing, and his motion therefore has no merit.

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563. The "residual clause" refers to the portion of the definition of

"violent felony" in the ACCA which defines that term to include a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court declared that *Johnson* is retroactively applicable to cases on collateral review. While there are many questions raised by the holding in *Johnson* that could impact convictions or sentences based on statutes other than the ACCA, none of those is presented by Jaimes' case.[1]

The *Johnson* decision does not apply in this case. Jaimes was not convicted or sentenced under the ACCA. Jaimes pled guilty to one count of being an illegal alien in possession of a firearm in violation of 18 U.S.C. ¶ 922(g)(5). That statute does not include the language at issue in *Johnson*. Additionally, *Johnson* has no bearing on the utilization of USSG 2K2.1 to determine Jaimes' sentence, as he was sentenced pursuant to the subsection of § 2K2.1 pertaining to prior convictions for a controlled substance offense. The *Johnson* decision does not call into question the definition of "controlled substance offense" under the Career Offender Guideline. Because Jaimes was not sentenced pursuant to any guideline or statute that contains language similar to the language found unconstitutionally vague by *Johnson*, neither the *Johnson* decision nor its reasoning supports Jaimes' § 2255 Motion.

---

[1]For example, the Supreme Court recently granted *certiori* to address whether *Johnson* applies to the residual clause in U.S.S.G. § 4B1.2(a)(2). *Beckles v. United States*, 136 S. Ct. 2510 (2016). The Fifth Circuit declined this past summer to permit the filing of a successive habeas petition seeking to raise a *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B). *In re Fields*, ___ F.3d ____, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam). And in August 2016, the Fifth Circuit held that 18 U.S.C. § 16(b), which defines a "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is not unconstitutionally vague in light of *Johnson. United States v. Gonzalez-Longoria*, ___ F.3d ____, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc).

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Cesario Jaimes-Jaimes' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 45).

### IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

### V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 14th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE